IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

KIRK D. ROBINSON,

                Plaintiff,

    vs.

D. BRANDEN BRINEGAR,

                Defendant.

**8:23CV383**

**MEMORANDUM AND ORDER**

Plaintiff Kirk D. Robinson filed a Complaint on August 28, 2023. Filing 1. He has been given leave to proceed in forma pauperis. Filing 7. The Court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

## I. SUMMARY OF COMPLAINT

Plaintiff sues D. Brandon Brinegar ("Defendant"), a public defender in Buffalo County, Nebraska, for $25,000,000,000 in punitive damages. Defendant was appointed to represent Plaintiff in the fall of 2019 in case CR19-15 in the District Court for Buffalo County, Nebraska. Plaintiff alleges that Defendant "never once brought any defense for Mr. Robinson and, in fact, only counseled that the Plaintiff 'take the plea deal.'" Filing 1 at 1. Plaintiff claims that, if not for Defendant's ineffective assistance of counsel, "the outcome of his criminal case would be greatly different." Filing 1 at 2.

This Court's records in *Robinson v. Boyd, et al.*, No. 8:22-cv-00412-RFR-PRSE (D. Neb.), which Plaintiff references, *see* Filing 1 at 2, show Plaintiff is currently serving sentences arising out of his 2019 plea-based convictions in the District Court of Buffalo County, Nebraska. Plaintiff filed a petition for a

writ of habeas corpus in Case No. 8:22CV412, which the Court dismissed with prejudice on November 3, 2023, after granting the respondents' motion for summary judgment because Plaintiff's habeas petition was time-barred. Filing 48, Case No. 8:22CV412. Plaintiff's appeal of the denial and dismissal of his habeas petition was unsuccessful. *See* Filings 86 & 88, Case No. 8:22CV412.[1]

Plaintiff also refers the Court to case CI23-891[2] in the District Court of Lancaster County, Nebraska, which "was a civil case brought in the state court and was dismissed with prejudice." Filing 1 at 1. The state court records, available to this Court online, show that Plaintiff sued Defendant in the Lancaster County District Court on March 17, 2023, seeking damages for Defendant's ineffective assistance of counsel. The state district court dismissed Plaintiff's action with prejudice on June 27, 2023, because the court lacked subject matter jurisdiction to resolve Plaintiff's complaint whether viewed as a claim for post-conviction relief or as a tort claim for false imprisonment and because the complaint failed to state a plausible 42 U.S.C. § 1983 claim as a matter of law because Defendant, as Plaintiff's appointed public defender, was not acting under color of state law.[3]

---

[1] The Court can sua sponte take judicial notice of its own records and files, and facts which are part of its public records. *United States v. Jackson*, 640 F.2d 614, 617 (8th Cir. 1981). Judicial notice is particularly applicable to the Court's own records of prior litigation closely related to the case before it. *Id.*

[2] Plaintiff's Complaint references case "CI23-801," but a review of the state court records shows that the correct case number is CI23-891.

[3] The Court can also sua sponte take judicial notice of proceedings in other courts if they relate directly to the matters at issue. *Conforti v. United States*, 74 F.3d 838, 840 (8th Cir. 1996). The Court takes judicial notice of the state court records related to this case in *Robinson v. Brinegar*, Case No. CI23-891, District Court of Lancaster County, Nebraska. *See Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (court may take judicial notice of judicial opinions and public records). Nebraska's judicial records may be retrieved on-line through the JUSTICE site, https://www.nebraska.gov/justice/case.cgi.

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of

3

rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

## III. DISCUSSION

Plaintiff's claims against Defendant cannot proceed under 42 U.S.C. § 1983. As stated above, 42 U.S.C. § 1983 specifically provides a cause of action against a person who, under color of state law, violates another's federal rights. *West*, 487 U.S. at 48. "[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981). Indeed, when a public defender represents an indigent defendant in a state criminal proceeding, he is "not acting on behalf of the State; he is the State's adversary." *Id.* at 322 n.13. While a § 1983 claim may be brought against a public defender, or any other private individual, if he or she conspires with a state actor to deprive an individual of a federally-protected right, *Manis v. Sterling*, 862 F.2d 679, 681 (8th Cir. 1988), the Complaint's allegations in no way suggest a plausible conspiracy claim between Defendant and a state actor. Accordingly, the Court concludes Plaintiff's Complaint fails to state a claim for which relief may be granted against Defendant. The Court finds leave to amend is not warranted because, as explained below, Plaintiff's claims run afoul of *Heck v. Humphrey*, 512 U.S. 477 (1994).

In *Heck*, the Supreme Court held a prisoner may not recover damages in a § 1983 suit where the judgment would necessarily imply the invalidity of his conviction, continued imprisonment, or sentence unless the conviction or

4

sentence is reversed, expunged, or called into question by issuance of a writ of habeas corpus. *Heck,* 512 U.S. at 486–87; *see also Schafer v. Moore,* 46 F.3d 43, 45 (8th Cir. 1995). Absent such a favorable disposition of the charges or conviction, a plaintiff may not use 42 U.S.C. § 1983 to cast doubt on the legality of his conviction or confinement. *See Heck,* 512 U.S. at 486–87.

Here, the Complaint's allegations demonstrate that the *Heck* bar is properly invoked. Plaintiff essentially claims that he received ineffective assistance of counsel leading to his conviction in the Buffalo County District Court. If successful, Plaintiff's claims necessarily implicate the validity of his conviction and current confinement. Therefore, to the extent judgment in favor of Plaintiff on any of his claims would render his criminal conviction invalid, his claims for relief are barred by *Heck v. Humphrey. See Sheldon v. Hundley,* 83 F.3d 231, 233 (8th Cir. 1996) (indicating that, under *Heck,* court disregards form of relief sought and instead looks to essence of plaintiff's claims); *Harvey v. Horan,* 278 F.3d 370, 375 (4th Cir. 2002) (*Heck* applies to claims for damages, as well as to claims for injunctive relief that necessarily would imply the invalidity of plaintiff's conviction); *Lawson v. Engleman,* 67 Fed. Appx. 524, 526 n. 2 (10th Cir. 2003) (*Heck* applied to plaintiff's claims for monetary, declaratory, and injunctive relief; *Heck* should apply when the concerns underlying *Heck* exist).

Finally, Plaintiff's claims are further precluded by the judgment entered in Lancaster County District Court Case No. CI23-891 under the doctrine of claim preclusion. "The preclusive effect of a judgment is defined by claim preclusion and issue preclusion, which are collectively referred to as 'res judicata.'" *Taylor v. Sturgell,* 553 U.S. 880, 892 (2008). Res judicata, or claim preclusion, operates to preclude a party from relitigating the same cause of action. *Lundquist v. Rice Mem'l Hosp.,* 238 F.3d 975, 977 (8th Cir.

2001). This Court must give a state court judgment the same preclusive effect it would be given under the law of the state where it was rendered. 28 U.S.C. § 1738; *Edwards v. City of Jonesboro*, 645 F.3d 1014, 1019 (8th Cir. 2011).

"Under Nebraska law, claim preclusion bars relitigation of any right, fact, or matter directly addressed or necessarily included in a former adjudication if (1) the former judgment was rendered by a court of competent jurisdiction, (2) the former judgment was a final judgment, (3) the former judgment was on the merits, and (4) the same parties or their privies were involved in both actions." *Hill v. AMMC, Inc.*, 915 N.W.2d 29, 33 (Neb. 2018). "The doctrine bars relitigation not only of those matters actually litigated, but also of those matters which might have been litigated in the prior action." *Fetherkile v. Fetherkile*, 907 N.W.2d 275, 286 (Neb. 2018). Moreover, under Nebraska law, "[w]hether the subsequent suit alleges the same cause of action as the prior suit is determined by whether the right sought to be vindicated rests upon the same operative facts. If so, the same cause of action has been alleged, even if different theories of recovery are relied upon." *Cole v. Clarke*, 641 N.W.2d 412, 416 (Neb. App. 2002) (internal citation omitted). *See also Banks v. Int'l Union Elec., Elec., Tech., Salaried & Mach. Workers*, 390 F.3d 1049, 1052–53 (8th Cir. 2004) ("Where a plaintiff fashions a new theory of recovery or cites a new body of law that was arguably violated by a defendant's conduct, res judicata will still bar the second claim if it is based on the same nucleus of operative facts as the prior claim." (internal quotation omitted)).

The District Court of Lancaster County, Nebraska, previously rendered judgment in a suit brought by Plaintiff arising out of the same facts at issue here, i.e. Defendant's alleged ineffective representation of Plaintiff during his 2019 criminal proceedings. The Lancaster County District Court's judgment

was based upon proper jurisdiction, *see* Neb. Rev. Stat. § 24-302, and resulted in a final judgment on the merits. *See Trausch v. Hagemeier*, 985 N.W.2d 402, 415 (Neb. 2023) ("A dismissal with prejudice is a final judgment, because it operates as a rejection of the plaintiff's claims on the merits and claim preclusion applies."). Finally, the same parties were involved in both actions. Thus, the doctrine of claim preclusion bars Plaintiff's present claims against Defendant.

## IV. OTHER PENDING MOTION

Plaintiff filed a Motion for a Change of Venue on November 20, 2023. Filing 8. Plaintiff asks that this "case be moved to a completely different circuit altogether" as "this is the only way to ensure . . . that he gets a fair, unbiased and impartial hearing in a court of law." Filing 8. Plaintiff's basis for his motion is his pending suit against Inactive Senior Judge Richard Kopf and Senior Judge Joseph Bataillon of this court. *See* Filing 6, Case No. 8:23CV452.

Venue is generally governed by 28 U.S.C. § 1391, which "govern[s] the venue of all civil actions brought in district courts of the United States" and provides, in pertinent part, that:

> (b) Venue in general.—A civil action may be brought in—
>
>> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>>
>> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

> (3) if there is no district in which an action may otherwise
> be brought as provided in this section, any judicial district
> in which any defendant is subject to the court's personal
> jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

Here, Plaintiff sues his former public defender for actions arising out of Plaintiff's criminal proceedings in Buffalo County, Nebraska. Filing 1. Venue is clearly proper in the District of Nebraska as Defendant is located in this district and the events that are the subject of the Complaint occurred here. As such, the court finds that a change in venue is not warranted.

To the extent Plaintiff's motion seeks to have his case considered by a different judge other than Judge Bataillon, such request is now moot as Judge Bataillon recused himself from this matter, as well as Plaintiff's other pending cases, because Plaintiff named Judge Bataillon as a defendant in Case No. 8:23CV452. *See* Filing 9. This matter was reassigned to the undersigned, and the Court has now completed an initial review of Plaintiff's Complaint and determined that it must be dismissed for failure to state a claim. Accordingly, Plaintiff's Motion for a Change of Venue is denied.

## IV. CONCLUSION

Plaintiff's Complaint fails to state a claim upon which relief may be granted, and is subject to preservice dismissal under 28 U.S.C. §§ 1915(e) and 1915A. The Court will not grant Plaintiff leave to amend as such amendment would be futile as Plaintiff's claims are barred by *Heck* and the doctrine of claim preclusion.

IT IS THEREFORE ORDERED that:

1.    This matter is dismissed with prejudice.

2.    The Court will enter judgment by a separate document.

3.    Plaintiff's Motion for a Change of Venue, Filing 8, is denied.

Dated this 9th day of July, 2024.

BY THE COURT:

_John M. Gerrard_

John M. Gerrard
Senior United States District Judge

9